O’Neall, J.
There is no doubt that the common law merged every felonious trespass in the crime, and that an action could not be sustained for damages. This rule was however predicated on the reasons: 1st. that in all felonies, there was a forfeiture of lands and goods of the felon to the crown: 2nd. that in all larcenies, the goods stolen were restored to the owner on the conviction of the felon : 3d. that in capital felonies, the maxim, actio personalis mofitur cum, persona, prevented any action from lying against the representatives of the condemned and executed felon. ,
In this case, the offence was cow stealing, which is punished by statute, by fine or corporal punishment at the election of the defendant: the 3rd reason does not apply therefore at all to the case. The 2nd and 1st are equally inapplicable; there is no such practice in this state as that of ordering restitution of stolen goods on the conviction of the defendant: in addition to this, it may be remarked, that if there had been such a practice, it was physically impossible to make restitution in this case, the defendant having’ killed and sat the cow. There is no forfeiture of lands and goods consequent upon, a felony in this state, and consequently there can be no propriety in holding that the trespass is merged in the felony.
*373 In the ease of Robinson v. Culp, 1 Con. Rep. (by Treadway) 231, it was held that the civil remedy was not merged in, or taken away by the feionions intention with which a trespass was committed.
This decision has been followed ever since: and I am perfectly satisfied that the rule settled by it, should remain unquestioned.

The motion for a new trial is dismissed.

Johnson & Harper, Js. concurred.